**MILLSTONE PETERSON & WATTS, LLP**
*Attorneys at Law*
GLENN W. PETERSON, ESQ. (SBN 126173)
STEVEN T. TSUYUKI, ESQ. (SBN 257356)
2267 Lava Ridge Court, Suite 210
Roseville, CA 95661
Phone: 916-780-8222
Fax: 916-780-8775

Attorneys for Plaintiff
Anthony Raymond Tapia

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY RAYMOND TAPIA,<br><br>Plaintiff,<br><br>v.<br><br>BPS Direct, LLC, dba Bass Pro Shops; and DOES 1 - 10, inclusive,<br><br>Defendants. | No.<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT, LAHMAN ACT VIOLATIONS, AND RELATED CLAIMS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff for his complaint against the above-named defendants, and each of them, alleges as follows, and hereby demands a jury trial on all claims thus triable:

**JURISDICTION AND VENUE**

1. This action arises under the Copyright Act, 17 U.S.C. §§ 101 *et seq.* Subject matter jurisdiction is appropriate under 28 U.S.C. §§ 1331 and 1338.

2. This is also an action for trademark infringement and false designation of origin/false advertising under Section 43 of the Lanham Act, 15 U.S.C. §1125. This Court has subject matter jurisdiction over the matters complained of under 28 U.S.C. § 1331, § 1338(a) and § 1367. Additionally, diversity jurisdiction also exists pursuant to 28 U.S.C. § 1332(a)(1), since this action

involves citizens of different states and Plaintiff's claims for relief herein exceed the sum or value of $75,000. Alternatively, Plaintiff seeks a declaratory judgment under 28 U.S.C. §§ 2201, et seq., that Defendant's use of the Accused Mark, and similar terms and domain names constitute trademark infringement or unfair competition under the Lanham Act, 15 U.S.C. §§ 1114 and 1125, and applicable California laws.

3. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(a), as Defendants have committed acts of infringement and unfair competition in this judicial district, and a substantial part of the events or omissions giving rise to the claims occurred, or a substantial part of property that is the subject of the action is situated in this district.

## THE PARTIES

4. Plaintiff is an individual resident of Sacramento, California.

5. Plaintiff alleges on information and belief that defendant BPS Direct, LLC dba Bass Pro Shops (herein "BPS") is a Missouri limited liability company with a principal place of business at 2500 East Kearney, Springfield, Missouri 65898, and multiple store locations within the State of California, including a store located at 5472 Crossings Drive, Rocklin, CA 95677. Plaintiff further alleges on information and belief that said defendants have engaged in the acts and conduct complained of herein within the territorial venue of this Court, including acts of willful copyright infringement as hereinafter alleged.

6. The true names and capacities, whether individual, corporate, associate or otherwise, of the defendants named herein as Does 1 through 10, inclusive, are unknown to plaintiff, who therefore sue these defendants by fictitious names. Plaintiff is informed and believes and thereon alleges that each fictitiously named defendant is legally responsible to plaintiff for the acts, transactions and liabilities herein alleged. Plaintiff will amend this complaint to show the true names and capacities of these defendants when they have been ascertained. All references to "defendants" in this pleading are deemed to include each and every defendant sued by a fictitious name.

7. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each of the defendants, including those sued by fictitious names, was acting as the accomplice, abettor, agent, employee and/or partner of each of the remaining defendants, including

those sued by fictitious names, and in doing the things herein alleged was acting within the course and scope of such agency, employment and/or partnership.

**GENERAL ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION**

8. In 2010, Plaintiff created the CFM (Coalition Fight Music) "Bird" Logo, which was first published on December 14, 2010.

9. The CFM “Bird” Logo is categorically designed to market and personify Coalition Fight Music in all aspects of its business, and all aspects of its advertising/marketing materials.

10. Plaintiff exclusively owns United States Copyright Registration No. VA 1-821-086 (dated 5/6/2012); Title: CFM (Coalition Fight Music) "Bird" Logo. (A copy of United States Copyright Certificate of Registration No. VA 1-821-086 (2012) is attached hereto as Exhibit “A”.)

11. In 2011, Plaintiff began CFM athlete sponsorships and endorsements in the promotions across various sports combat leagues and events, including Bellator MMA, UCMMA and the Ultimate Fighting Championship (“UFC”). Plaintiff’s sponsor branding appeared in these promotions on fighters’ fight shirt, shorts, hats and banners, and were displayed on Pay-Per-View events, national television, and on the internet.

12. Plaintiff has been using the trade name and service mark “Coalition Fight Music” in combination with the Bird logo continuously in commerce dating back to July 2010. (“Mark”)

13. Continuously and without interruption, Plaintiff has exclusively used the Mark to identify the Band “Coalition Fight Music,” and related music services pertaining to the creation of original, custom songs for athletes in various sports combat leagues and promotions around the world. Plaintiff estimates approximately 7.5 million total Mark impressions over the past five years based on CFM sponsorship and endorsements of various sports combat leagues, athletes and events. This number reflects the public records of Pay-Per-View buy rates, National TV ratings, and/or Youtube videos featuring CFM sponsored athletes and events. Plaintiff alleges on information and belief that these impressions reflect, in part, Plaintiff’s good will and name recognition in the Mark.

14. Accordingly, as a result of the facts alleged above in paragraphs 8 thru 9, the Mark has become publicly associated exclusively with Plaintiff, and Plaintiff has achieved a significant level of name recognition in the minds of relevant consumers.

15. On information and belief, and within the past three years, Defendant BPS Direct, LLC offers or has offered for commercial sale products that incorporate Plaintiff's proprietary copyright protected CFM "Bird" Logo design, without Plaintiff's permission or consent and in violation of Plaintiff's exclusive copyright granted under the 1976 Copyright Act.

16. On information and belief, and as outlined below, multiple BPS Direct products incorporating Plaintiff's proprietary CFM "Bird" Logo design were viewed on Bass Pro Shops' website http://www.basspro.com, and purchased from Bass Pro Shops store location Roseville, California within three years of filing this action.

17. Defendants have infringed some or all of the foregoing works by reproducing them in whole or in part without plaintiff's consent, and then selling and distributing the unauthorized reproductions on various goods and services in commerce. In doing so, defendants infringed plaintiff's exclusive rights to reproduce, display and distribute his works.

18. Plaintiff has not at any time assigned, licensed, or otherwise conveyed to defendants any rights to use, reproduce, or distribute any of the copyrighted works; alternatively, any such rights were lawfully and properly terminated by plaintiff and/or defendants have utilized the protected works in a manner they knew to exceed the scope of plaintiff's consent.

19. Despite their receipt of written notice of infringement from plaintiff's counsel in February of this year, defendants continue to infringe plaintiff's copyrights.

## **FIRST CAUSE OF ACTION**
## **(Copyright Infringement)**

20. Plaintiff incorporates herein by reference all allegations contained in Paragraphs 1-19.

21. Within the past three years, Plaintiff is informed and believes and thereon alleges that Defendants have made and used in commerce unauthorized reproductions of plaintiff's copyrighted CFM "Bird" Logo and exploited those unauthorized reproductions by selling and distributing various commercial goods that feature some or all of the underlying works, and various combinations thereof.

22. Plaintiff is further informed and believes and thereon alleges that Defendants continue to use, reproduce, exploit or distribute the copyrighted works despite their actual notice of

Plaintiff's rights.

23. Plaintiff alleges that each unauthorized use of Plaintiff's copyrighted work (or portions thereof) constitutes separate acts of copyright infringement and that Defendants have engaged in other acts of infringement as well, according to proof at trial. Plaintiff alleges that all of these acts of infringement were willful, and done with actual or constructive knowledge of Plaintiff's copyrights.

24. Plaintiff further alleges on information and belief that Defendants have received substantial profits from their distribution and sales of infringing articles and products.

25. Plaintiff is entitled to all gains, profits, and advantages Defendants received from infringing Plaintiff's copyrighted material. Plaintiff asserts that defendants hold these gains, profits, and advantages in constructive trust for Plaintiff's exclusive benefit. Alternatively, Plaintiff asserts that it may, at its discretion, elect to recover all statutory damages permitted under the Copyright Act and all costs and fees resulting from defendants' infringement.

25. Plaintiff alleges on information and belief that defendant BPS, and perhaps one or more of the Doe defendants, are personally liable to Plaintiff because they had the ability and authority to control the infringing conduct of BPS and substantially profited from those infringing activities.

## SECOND CAUSE OF ACTION
**(False Designation Of Origin, 15 U.S.C. § 1125(a)(1)(A))**

26. Plaintiff hereby incorporates by this reference each and every allegation contained in paragraphs 1 through 25 as if set forth fully herein.

27. By Defendants' continuing unauthorized use, claim of ownership, and/or offers for sale under Plaintiff's Mark, and similar derivations thereof, Defendants have used and will continue to use a false designation of origin that is likely to cause confusion, mistake, or deception as to affiliation, connection, or association of Defendants with Plaintiff and is also likely to cause confusion as to the origin, sponsorship, or approval of Defendants' products, services or commercial activities by Plaintiff, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

28. Because of Defendants' aforementioned conduct, Plaintiff has been irreparably harmed in its business enterprises. Moreover, Plaintiff will continue to suffer irreparable harm

unless Defendants are restrained from making false designations of origin, false descriptions, or misrepresentations regarding the Defendants' products and/or services, and the actual source(s) thereof.

29. Plaintiff alleges on information and belief that Defendant's continuing infringement is willful and intentional, such that Plaintiff is now entitled to recover the actual damages it has sustained, which exceed $75,000, and is further entitled to an award of enhanced damages for willful infringement, in addition to an award of costs and attorneys' fees pursuant to section 35(a) of the Lanham Act. In addition, Plaintiff is entitled to recover Defendants' profits and reasonable royalties as damages.

30. Plaintiff also seeks injunctive relief, sufficient to enjoin Defendant's continuing use of the Accused Mark and/or potentially confusing derivations of it.

## THIRD CAUSE OF ACTION

**(Unfair Competition, False Advertising; Cal. Bus. & Prof. Code §§ 17200, et seq.)**

31. Plaintiff hereby incorporates by this reference each and every allegation contained in paragraphs 1 through 30 as if set forth fully herein.

32. Defendant's aforementioned conduct is a further violation of California law, namely, California Business and Professions Code section 17500, which provides in part:

> **17500.** It is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services, professional or otherwise, or anything of any nature whatsoever or to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated before the public in this state, or to make or disseminate or cause to be made or disseminated from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement, concerning that real or personal property or those services, professional or otherwise, or concerning any circumstance or matter of fact connected with the proposed performance or disposition thereof, which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading, or for any person, firm, or corporation to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised.

33. By engaging in the foregoing activities, Defendants have engaged in unfair competition as defined by California Bus. & Prof. Code §§17200, et seq. and Defendants' wrongful use of the Accused Mark and violation of the aforementioned laws and regulations represents unfair, deceptive, and misleading advertising in violation of California Bus. & Prof. Code §§17500, et seq.

34. Plaintiff has suffered actual injury, including loss of good will and consumer confusion, as a result of Defendants' unfair business practices and acts of unfair competition. Plaintiff has suffered, and continues to suffer, irreparable harm that has no adequate remedy at law and that will continue unless Defendants' conduct is preliminarily and permanently enjoined.

**WHEREFORE**, Plaintiff prays this Court find for Plaintiff on all claims and grant:

a. A preliminary and permanent injunction restraining Defendants, and their officers, agents, employees and all persons acting in concert with them from further engaging in said infringing conduct and/or making further unauthorized use of Plaintiff's copyrighted works;

b. That the Court enter judgment that Defendants have competed unfairly pursuant to the Lanham Act, 15 U.S.C. §1125(a), and the common law, and be permanently enjoined from continuing such conduct;

c. That the Court enter judgment that Defendants have competed unfairly under Cal. Bus. & Prof. Code §§17200, et seq. and advertised falsely under §§ 17500, et seq., and be permanently enjoined from continuing such conduct;

d. That the Court preliminarily and permanently enjoin Defendants from using the Accused Mark, either as a trademark or trade name, and/or other designations of origin, and any other mark, dress, word, term, name, symbol, or device that is confusingly similar to Plaintiff's Mark;

e. That Defendants be ordered to pay damages to Plaintiff as a result of Defendants' unlawful acts complained of herein, including without limitation reasonable royalties, in an amount to be determined by this Court, and that said damages be trebled insofar as Defendants' unlawful acts constitute willful infringement;

f. All appropriate compensatory damages, including Plaintiff's actual damages and disgorgement of defendants' profits, to be determined according to proof at trial;

g. Alternatively, such statutory damages as may be decided by the Court upon proof at trial;

h. That Defendants be ordered to pay Plaintiff's attorneys' fees and costs for this action;

i. That Defendants be required to pay prejudgment and post-judgment interest until such awards are paid; and

j. That Plaintiff be granted such other and further relief as shall seem just and proper to the Court.

**DEMAND FOR JURY**:

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a jury trial on all claims and issues so triable.

DATED: February 22, 2017

**MILLSTONE PETERSON & WATTS, LLP**
*Attorneys at Law*

By: /s/ Glenn W. Peterson
GLENN W. PETERSON

Attorneys for Plaintiff
Anthony Raymond Tapia

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this e-filed document.

**MILLSTONE PETERSON & WATTS, LLP**
*Attorneys at Law*
/s/ Glenn W. Peterson

# EXHIBIT A

# Certificate of Registration

This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

Maria A. Pallante

Register of Copyrights, United States of America

**Registration Number**
VA 1-821-086

**Effective date of registration:**
May 6, 2012

## Title

**Title of Work:** CFM (Coalition Fight Music) "Bird" Logo

## Completion/ Publication

**Year of Completion:** 2010

**Date of 1st Publication:** December 14, 2010 **Nation of 1st Publication:** United States

## Author

- **Author:** Tony Tapia

**Pseudonym:** Tony Savo

**Author Created:** 2-D artwork

**Citizen of:** United States **Domiciled in:** United States

**Pseudonymous:** Yes

- **Author:** Alexsandr Bolyshkanov

**Author Created:** 2-D artwork

**Citizen of:** United States **Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** Tony Tapia

3014 Bluestar ct, Rancho Cordova

**Copyright Claimant:** Alexsandr Bolyshkanov

321 Jefferson Ave, Sacramento

## Rights and Permissions

**Name:** Tony Tapia

**Email:** statecyde@gmail.com **Telephone:** 916-756-5653

**Address:** 3014 Bluestar Ct

Rancho Cordova, CA 95670 United States

## Certification